In the Matter of the Claim of GEORGE SCHOELKOPF, Respondent, against G. X. MATHEWS COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 17, 1959.

*George J. Hayes, Charles G. Tierney* and *Morris N. Lissauer* for appellants.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*George Schoelkopf,* claimant-respondent in person.

BERGAN, J. In 1944 claimant in the course of employment suffered an accident which resulted in a herniated disc at the fourth lumbar interspace. There was an operation which corrected the condition; the last payment of compensation was made April 15, 1948 and the case was closed on a finding of no further disability.

The claim based on this accident was reopened by the board on August 7, 1956. Since this was more than seven years after the date of the accident, the Special Fund for Reopened Cases should be required to assume liability unless there has been a payment of compensation made for the 1944 accident within three years before the reopening in August, 1956 (Workmen's Compensation Law, § 25-a).

The board has discharged the Special Fund from liability on a finding that such payments of compensation had been made "in the years 1955 and 1956" by the payment of wages "during the period of lost time" during those years "with the knowledge of the employer that the lost time was due to the 1944 claim". There is no substantial evidence in the record in support of this finding.

The lost time in 1955 is abundantly established; but it is not shown to be lost time that had any relationship to the 1944 accident. The fact is, and the board found, that claimant on April 11, 1955 suffered another accident. This resulted in a herniated disc at the fifth lumbar interspace, a different site from that of the 1944 accident.

Claimant filed a claim describing this new accident; it was corrected by surgery; and for the period of disability and treatment, claimant was paid his wages by the employer. There is no substantial basis whatever in this record for holding that the "payment of the wages during the period of lost time" in

1955 was with knowledge that this lost time " was due to the 1944 claim ".

In 1956 claimant presented to the board a specific claim formally describing a third accident occurring on February 10, 1956. The employer also filed a report in connection with this accident. The employer paid the claimant full wages, including a period of hospitalization for surgical correction.

There is no substantial evidence in this record from which it may be fairly found that when the employer paid wages following this claim for an accident described by the claimant as having occurred on February 10, 1956 it " had knowledge ", as the board has found, " that the lost time was due to the 1944 claim ".

On the contrary it is established that it was the custom of the employer to pay wages to employees " when they are disabled ", and the employer was certainly entitled to take at its face the claim by the claimant of a new injury in February, 1956 without being charged with occult insight that it was connected medically with the 1944 claim.

There was, indeed, medical proof on December 17, 1956, many months after the 1956 claim was filed, that there was some association between the 1956 disability, which was corrected by further surgery, and both the earlier accidents of 1944 and of 1955.

This, said the physician, was due to " a post-operative condition which is related to both " the previous disc operations of 1944 and of 1955. The condition he described was " adhesions about the nerve roots, the nerve root irritation * * * that is often seen as a sequella of surgery and it occurred at both spaces and is apt to be related to both previous trauma ".

To charge the employer who paid full wages in response to disability arising from a claim for a specific accident in 1956 with " knowledge " that disability was not due to the claimed accident in 1956 but, on the basis of a medical opinion in a highly specialized field of medicine and surgery developed many months later, that it was a condition " apt to be related to " the accident of 1944 as well as 1955, places an intolerable burden of technical knowledge on a lay employer.

In order to be chargeable with such knowledge the employer would have to be required to know, when it paid claimant's wages after he filed a claim for the 1956 accident, physical and medical facts that would later be found on surgical exploration of the area and would still later be co-ordinated and interpreted by medical experts. This is not a case where a lay employer would reasonably expect that physical consequences all arose

from a single old accident in 1944. On the contrary there was not only an intervening and unrelated separate accident to the back in 1955, but there was a separate claim for further accident in 1956 at the time the wages were paid.

As far as the 1944 injury and its effects are concerned, this is exactly the kind of a liability the Special Fund for Reopened Cases was intended to cover and it ought not be discharged. The determination discharging the Fund for that part of the award based on the 1944 accident should be reversed and the claim remitted to the Workmen's Compensation Board with costs to appellants.

FOSTER, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination discharging the Fund for that part of the award based on the 1944 accident reversed and the claim remitted to the Workmen's Compensation Board, with costs to appellants.